WK:SCJ/PTH/MEB
F. #2013R01203

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

– – – – – – – – – – – – – – – – – –X

UNITED STATES OF AMERICA

    - against -                    Docket No. <u>14 CR 399 (S-1) (ENV)</u>

ABRAXAS J. DISCALA and
KYLEEN CANE,

              Defendants.

– – – – – – – – – – – – – – – – – –X


<u>THE GOVERNMENT'S REQUESTS TO CHARGE</u>


                                          RICHARD P. DONOGHUE
                                          UNITED STATES ATTORNEY
                                          Eastern District of New York
                                          271 Cadman Plaza East
                                          Brooklyn, New York 11201

Shannon C. Jones
Patrick T. Hein
Mark E. Bini
Assistant U.S. Attorneys
    (Of Counsel)

PRELIMINARY STATEMENT

        The government respectfully requests that the Court include the attached instructions in its charge to the jury and requests leave to offer additional instructions as may become appropriate during the trial.

REQUEST NO. 1
General Requests

The government respectfully requests that the Court charge the jury in its usual manner on the following subjects:

a.   The function of the Court and the jury;

b.   Equality of the parties before the Court;

c.   Jury communications with lawyers and the Court;

d.   Presumption of innocence;

e.   Burden of proof and reasonable doubt;

f.   Definitions of knowingly, willfully and intentionally;

g.   Function of the Indictment and what is not evidence;

h.   Permissible inferences from evidence;

i.   Direct and circumstantial evidence;

j.   Dates approximate and use of conjunctive in the Indictment;

k.   Stipulations;

l.   Objections;

m.   Credibility of witnesses;

n.   Expert witnesses;

o.   Particular investigative techniques not required;

p.   Uncalled witnesses equally available;

q.   Questioning wisdom of law or basing verdict on sympathy or prejudice prohibited;

r.   Considerations of punishment not the province of the jury;

s.   Multiple counts;

t.      Verdict must be unanimous; and

u.      Law enforcement witnesses.

REQUEST NO. 2
The Indictment

The defendants are formally charged in an Indictment.  As I instructed you at the beginning of this case, an Indictment is a charge or accusation.  You must, as a matter of law, consider each count of the indictment separately, and you must return a separate verdict for each count.

The Indictment in this case contains a total of 10 counts.  Both defendants, ABRAXAS J. DISCALA and KYLEEN CANE, are charged in Count One with conspiracy to commit securities fraud; in Count Two with conspiracy to commit mail fraud or wire fraud; and in Count Four with substantive securities fraud.  Defendant ABRAXAS J. DISCALA is also charged in Count Three with substantive securities fraud, and in Counts Five through Ten with substantive wire fraud.

I remind you that, although two defendants are on trial together, your verdict must be determined separately with respect to each one based on the evidence or lack of evidence presented against that defendant, and without regard to the guilt or innocence of anyone else.  You must consider each count of the Indictment and each defendant's involvement in the activities charged in each count separately, and you must return a separate verdict on each defendant for each count in which he is charged.  Your views as to the guilt or innocence of one defendant should not control your decision as to the other defendant.  Whether you find a defendant guilty or not guilty as to one offense should not affect your verdict as to any other offense charged.

Authority

Adapted from the charge of the Hon. Nina Gershon, United States v. Drivas, EDNY, 10-CR-771; and Modern Federal Jury Instructions ("Sand"), Instr. 3-8.

4

REQUEST NO. 3
COUNTS THREE and FOUR: Securities Fraud

I am going to begin by instructing you on the substantive securities fraud charges.

A.      Count Three

Count Three of the Indictment charges defendant ABRAXAS J. DISCALA with

securities fraud in relation to CodeSmart, as follows:

> In or about and between October 2012 and July 2014, both dates
> being approximate and inclusive, within the Eastern District of
> New York and elsewhere, the defendant ABRAXAS J. DISCALA,
> also known as "AJ Discala," together with others, did knowingly
> and willfully use and employ one or more manipulative and
> deceptive devices and contrivances, contrary to Rule l0b-5 of the
> Rules and Regulations of the United States Securities and
> Exchange Commission, Title 17, Code of Federal Regulations,
> Section 240.10b-5, by: (a) employing one or more devices,
> schemes and artifices to defraud; (b) making one or more untrue
> statements of material fact and omitting to state one or more
> material facts necessary in order to make the statements made, in
> the light of the circumstances in which they were made, not
> misleading; and (c) engaging in one or more acts, practices and
> courses of business which would and did operate as a fraud and
> deceit upon one or more investors or potential investors in
> CodeSmart, in connection with the purchases and sales of
> investments in CodeSmart, directly and indirectly, by use of means
> and instrumentalities of interstate commerce and the mails.

B.      Count Four

Count Four of the Indictment charges defendants ABRAXAS J. DISCALA and

KYLEEN CANE with securities fraud in relation to Cubed as follows:

> In or about and between March 2014 and July 2014, both dates
> being approximate and inclusive, within the Eastern District of
> New York and elsewhere, the defendants ABRAXAS J.
> DISCALA, also known as "AJ Discala," and KYLEEN CANE,
> together with others, did knowingly and willfully use and employ
> one or more manipulative and deceptive devices and contrivances,
> contrary to Rule 10b-5 of the Rules and Regulations of the United
> States Securities and Exchange Commission, Title 17, Code of
> Federal Regulations, Section 240.10b-5, by: (a) employing one or
> more devices, schemes and artifices to defraud; (b) making one or

more untrue statements of material fact and omitting to state one or more material facts necessary in order to make the statements made, in the light of the circumstances in which they were made, not misleading; and (c) engaging in one or more acts, practices and courses of business which would and did operate as a fraud and deceit upon one or more investors or potential investors in Cubed, in connection with the purchases and sales of investments in Cubed, directly and indirectly, by use of means and instrumentalities of interstate commerce and the mails.

## C.    The Statute and the Rule

The relevant statute is Section 10(b) of the Securities Exchange Act of 1934. That law provides in relevant part that:

It shall be unlawful for any person, directly or indirectly, by the use of any means or instrumentality of interstate commerce or of the mails, or any facility of any national securities exchange –

(b) To use or employ, in connection with the purchase or sale of any security registered on a national securities exchange or any security not so registered . . . any manipulative or deceptive device or contrivance in contravention of such rules and regulations as the [Securities and Exchange Commission ("SEC")] may prescribe as necessary or appropriate in the public interest or for the protection of investors.

Based on its authority under this statute, the SEC enacted Rule 10b-5, which provides:

It shall be unlawful for any person, directly or indirectly, by the use of any means or instrumentality of interstate commerce, or of the mails or of any facility of any national securities exchange,

(a)  To employ any device, scheme, or artifice to defraud,

(b) To make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, or

(c) To engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person, in connection with the purchase or sale of any security.

6

D.      Definition and Elements

To prove the substantive crime of securities fraud charged in Counts Three and Four, the government must establish each of the following elements beyond a reasonable doubt:

First element – Fraudulent Act

The first element that the government must prove beyond a reasonable doubt is that, in connection with the purchase or sale of a security, the defendant in question did one or more of the following:

(1) employed a device, scheme or artifice to defraud, or

(2) made an untrue statement of a material fact or omitted to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, or

(3) engaged in an act, practice or course of business that operated, or would operate, as a fraud or deceit upon a purchaser or seller of any security.

With respect to Count Three, the security at issue is a security in CodeSmart, and with respect to Count Four, the security at issue is a security in Cubed.

To prove this element, it is not necessary for the government to establish all three types of unlawful conduct in connection with the sale or purchase of a security. Any one will be sufficient for a conviction, if you so find, but you must be unanimous as to which type of unlawful conduct you find to have been proven beyond a reasonable doubt.

Let me now explain some of these terms.

Device, Scheme, or Artifice to Defraud: A device, scheme or artifice to defraud is a plan for the accomplishment of a fraud. Fraud is a general term which embraces all efforts and means that individuals devise to take advantage of others. The law that the defendants are alleged to have violated prohibits all kinds of manipulative and deceptive acts. Among these manipulative and

7

deceptive acts is orchestrated or manipulated trading in securities. This includes techniques, such as wash trades or match trades, that are intended to mislead investors by artificially affecting market activity. Wash trades are prearranged purchases and sales of securities that match each other in price, volume and time of execution, and involve no change in beneficial ownership. Match trades are similar to wash trades but involve a related person or party who places one side of the trade. The law which the defendants are alleged to have violated generally prohibits practices such as wash sales, matched orders or rigged prices that are intended to mislead investors by artificially affecting market activity. The fraudulent or deceitful conduct alleged need not relate to the investment value of the securities involved in this case.

False Statements and Omissions:  A statement, representation, claim, or document is false if it is untrue when made and was then known to be untrue by the person making it or causing it to be made.  A representation or statement is fraudulent if it was made with the intention to deceive.  False or fraudulent statements under the statute may include the concealment of material facts in a manner that makes what is said or represented deliberately misleading.

The deception need not be based upon spoken or written words alone.  The arrangement of the words, or the circumstances in which they are used, may convey the false and deceptive appearance.  If there is deception, the manner in which it is accomplished does not matter.

"In Connection With":  You need not find that the defendants actually participated in any securities transaction if they were engaged in fraudulent conduct that was "in connection with" a purchase or sale of securities.  The "in connection with" aspect of this element is satisfied if you find that there was some nexus or relation between the allegedly fraudulent conduct and the sale or purchase of securities.  Fraudulent conduct may be "in connection with" the purchase or sale of securities if you find that the alleged fraudulent conduct "touched upon" a securities transaction.

It is no defense to an overall scheme to defraud that the defendants may not have been involved in the scheme from its inception or may have played only a minor role with no contact with the investors and purchasers of the securities in question.  Nor is it necessary for you to find that the defendants were the actual sellers or offerors of the securities.  It is sufficient if the defendants participated in the scheme or fraudulent conduct that involved the

8

purchase or sale of securities.  By the same token, the government need not prove that the defendants personally made the misrepresentation or that they omitted the material fact.  It is sufficient if the government establishes that the defendants caused the statement to be made or the fact to be omitted.  With regard to the alleged misrepresentations and omissions, you must determine whether the statement was true or false when it was made, and, in the case of alleged omissions, whether the omission was misleading.

Material Fact: If you find that the government has established beyond a reasonable doubt that a statement was false or omitted in connection with the purchase or sale of any securities, you must next determine whether the fact misstated or omitted was material under the circumstances.  "A misrepresentation is material under Section 10(b) of the Securities Exchange Act and Rule 10b–5 where there is a substantial likelihood that a reasonable investor would find the misrepresentation important in making an investment decision."  If you find that there was a material misrepresentation or omission of a material fact, it does not matter whether the intended victims were gullible buyers or sophisticated investors, because the securities laws protect the gullible and unsophisticated as well as the experienced investor.

Nor does it matter whether the alleged unlawful conduct was successful or not, or that the defendants profited or received any benefits as a result of the alleged scheme.  Success is not an element of the crime charged.

If you find that the government has not proven this element beyond a reasonable doubt as to any defendant, you must find that defendant not guilty.  On the other hand, if you do find that the government has proven that a fraudulent act was committed by a defendant, beyond a reasonable doubt, then you must consider the second element as to that defendant.  You need not find that the government has proven each of the alleged fraudulent acts, but I remind you that you must reach a unanimous decision as to at least one fraudulent act.

<u>Second element – knowledge, intent and willfulness</u>

The second element that the government must establish beyond a reasonable doubt is that a defendant participated in the scheme to defraud knowingly, willfully and with intent to defraud.

Those terms have the same meanings that I previously provided to you.

<u>Third element – instrumentality of interstate commerce</u>

The third and final element of securities fraud is the use of the mails or any means or instrumentalities of transportation or communication in interstate commerce in furtherance of the scheme to defraud.  This would include the use of a telephone, a bank wire transfer or an email sent over the Internet that traveled across state lines.

It is not necessary that a defendant be directly or personally involved in any mailing, wire or use of an instrumentality of interstate commerce.  If a defendant was an active participant in the scheme and took steps or engaged in conduct which he or she knew or reasonably could foresee would naturally and probably result in the use of interstate means of communication, then you may find that he or she caused an instrumentality of interstate commerce to be used.

When one does an act with the knowledge that the use of interstate means of communication will follow in the ordinary course of business, or where such use reasonably can be foreseen, even though not actually intended, then he or she causes such means to be used.

It is not necessary that the items sent through interstate means of communication contain the fraudulent material, or anything criminal or objectionable. The interstate means of communication may be entirely innocent.

10

The use of interstate communications need not be central to the execution of the scheme, and may even be incidental to it.  All that is required is that the use of interstate communications bear some relation to the object of the scheme or fraudulent conduct.

In fact, the actual offer or sale need not be accompanied or accomplished by interstate communications, so long as the defendant is still engaged in actions that are a part of a fraudulent scheme.

Each specific use of interstate communications in furtherance of the scheme to defraud constitutes a separate and distinct criminal offense.

In sum, in order to prove a defendant guilty of Count Three or Count Four, the government must prove, beyond a reasonable doubt: (1) that in connection with the purchase or sale of a security, the defendant committed a fraudulent act; (2) that the defendant acted knowingly, willingly and with the intent to defraud; and (3) that the defendant used the mails or any means or instrumentalities of interstate commerce in furtherance of the scheme to defraud.

E.     Securities Fraud Venue

I have explained to you the elements the government must prove beyond a reasonable doubt as to the securities fraud charged in Counts Three and Four.  The government must also prove venue for each count.  Unlike the elements I just explained to you that the government must prove beyond a reasonable doubt, the government must prove venue by a preponderance of the evidence.  To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not.  A preponderance of the evidence means the greater weight of the evidence, both direct and circumstantial. It refers to the quality and persuasiveness of the evidence, not to the quantity of evidence.

To establish venue for securities fraud as charged in Counts Three and Four, the government must prove that it is more likely than not that: (1) a defendant intentionally and knowingly caused an act or transaction constituting a securities fraud to occur, at least in part, in the Eastern District of New York, which consists of the Counties of Kings (also known as Brooklyn), Queens, Richmond (also known as Staten Island), Nassau, and Suffolk; or (2) it was foreseeable that such an act or transaction would occur in the Eastern District of New York, and it did. The government need not prove that a defendant personally was present in the Eastern District of New York. It is sufficient to satisfy the venue requirement if the defendant in question intentionally and knowingly caused an act or transaction constituting a securities fraud to occur, at least in part, within the Eastern District of New York.

The government also must prove that the act or transaction must be a part of the actual crime of securities fraud and not merely a step taken in preparation for the commission of the crime.

Therefore, if you find that it is more likely than not that an act or transaction in furtherance of the securities fraud took place in the Eastern District of New York, the government has satisfied its burden of proof as to venue as to Counts Three and Four.

Again, I caution you that the preponderance of the evidence standard applies only to venue. The government must prove each of the elements of securities fraud beyond a reasonable doubt for each count.

\*   \*   \*

In sum, to find a defendant guilty of securities fraud as charged in Count Three and Count Four, you must find that the government has proven, beyond a reasonable doubt, each

element of securities fraud for that count, and that the government has also established venue for

that count by a preponderance of the evidence.

Authority

> Adapted from the charges of the Hon. Kiyo A. Masumoto in
> United States v. Shkreli, 15-CR-637; Hon. Eric N. Vitaliano in
> United States v. Gary Kershner, et al., E.D.N.Y., 13-CR-452 (S-2);
> Sand, Instr. 57.  See also Santa Fe Indus., Inc. v. Green, 430 U.S.
> 462, 476, 97 S. Ct. 1292, 1302, 51 L. Ed. 2d 480 (1977)
> (manipulative under the securities laws "refers generally to
> practices, such as wash sales, matched orders, or rigged prices, that
> are intended to mislead investors by artificially affecting market
> activity"); United States v. Royer, 549 F.3d 886, 899-900 (2d Cir.
> 2008) (upholding instructions defining fraudulent device to include
> orchestrated trading in securities).

REQUEST NO. 4
COUNT ONE: Conspiracy to Commit Securities Fraud

Count One of the Indictment charges the defendants ABRAXAS J. DISCALA

and KYLEEN CANE with conspiracy to commit securities fraud in connection with investments

in CodeSmart Holdings, Inc., Cubed, Inc., StarStream Entertainment Inc. and the Staffing Group,

Ltd.  Collectively, I will refer to these as the "Manipulated Public Companies."  Specifically,

Count One states, in pertinent part:

> In or about and between October 2012 and July 2014, both dates
> being approximate and inclusive, within the Eastern District of
> New York and elsewhere, the defendants ABRAXAS J. DISCALA
> and KYLEEN CANE, together with others, did knowingly and
> willfully conspire to use and employ manipulative and deceptive
> devices and contrivances, contrary to Rule 10b-5 of the Rules and
> Regulations of the United States Securities and Exchange
> Commission, Title 17, Code of Federal Regulations, Section
> 240.10b-5, by: (a) employing devices, schemes and artifices to
> defraud; (b) making untrue statements of material fact and omitting
> to state material facts necessary in order to make the statements
> made, in light of the circumstances under which they were made,
> not misleading; and (c) engaging in acts, practices and courses of
> business which would and did operate as a fraud and deceit upon
> investors and potential investors in the Manipulated Public
> Companies, in connection with the purchase and sale of
> investments in the Manipulated Public Companies, directly and
> indirectly, by use of means and instrumentalities of interstate
> commerce and the mails, contrary to Title 15, United States Code,
> Sections 78j(b) and 78ff.

> In furtherance of the conspiracy and to effect its objects, within the
> Eastern District of New York and elsewhere, the defendants
> ABRAXAS J. DISCALA, also known as "AJ Discala," and
> KYLEEN KANE, together with others, committed and caused to
> be committed, among others, the following overt acts:

> a.      On or about June 4, 2013, Shapiro sent an email to
> John Doe 3, a representative of Ramapo College of New Jersey
> whose identity is known to the Grand Jury, copying two of
> Shapiro's colleagues, whose identities are known to the Grand
> Jury, and stated, in part, "My apologies on behalf of
> CODESMART.  We did not know about that language you [sic]
> were allowed to use and certainly will consult with you next time

we do a promotion.  This is all done in a spirit of promoting business opportunities for you as a partner."

b.      On or about August 15, 2013, DISCALA signed a purchase agreement on behalf of Fidelis whereby he sold 25,000 shares of CodeSmart common stock to Victim 1, an individual whose identity is known to the Grand Jury, for $3,500 at a purchase price of $0.14 per share.

c.      On or about August 27, 2013, Shapiro filed with the SEC a Form 8-K on behalf of CodeSmart and stated that he had purchased 25,000 shares of the company's stock from the public market at the market value of $3.21 per share for a cost of $80,250.

d.      On or about October 17, 2013, Ofsink caused an email to be sent to Shapiro, which email attached a sham consulting agreement, a CodeSmart board consent form approving the consulting agreement in exchange for 750,000 shares, and an instruction letter to transfer 750,000 shares of CodeSmart to a shell company.

e.      On or about May 6, 2014, during a telephone call between DISCALA and Goodrich discussing the trading of Cubed shares, DISCALA inquired, in part, "Can you get [your trader] off that 451?  He's killing the box," adding, "It's 526, he's in the middle of the 5's at 451[.]" and Goodrich responded, in part, "Where do you want him?  I'll call him right now."

f.      On or about May 12, 2014, during a telephone call between DISCALA and Co-Conspirator 2, Co-Conspirator 2 stated, in part, "We should start sending [Josephberg] morons, by the way.  We could trade for free, you know, send him a moron, you know, a guy you don't know and then we'll just buy stocks and if they don't go up by the end, we'll buy, like, options – Twitter options – that expire in, like, a day.  Either we'll make like twenty times or we'll just give him the stock."

g.      On or about May 17, 2014, during a telephone call between DISCALA and Co-Conspirator 3, DISCALA stated, in part, "So our deal is going to pay the Cube two-fifty, cause these guys can't generate revenue, so I'm going to generate it myself."

h.      On or about May 20, 2014, during a telephone call between DISCALA and Goodrich about the escrow account and Cubed trading, Goodrich stated, in part, "[Y]ou did a perfect job. Hearing it out of [CANE's] mouth, that makes sense."

15

i.      On or about May 20, 2014, during a telephone call between DISCALA and Co-Conspirator 2, DISCALA stated, in part, "Right, because I'm the [expletive] brake and the gas, [expletive].  If I take my foot off the brake it's 55 [dollars] tomorrow (Laughter)."

j.      On or about May 21, 2014, during a telephone call between DISCALA and CANE, CANE stated, in part, "You know [the Investor Relations/Public Relations guys are] going to be doing it and I also just talked to two people that are gonna probably going to put in another half a million into Cubed for some interim, interim money."

k.      On or about May 22, 2014, during a telephone call between DISCALA and Josephberg, Josephberg stated, in part, "I don't want to be the only one buying today.  I heard it looks very bad for a broker to be the only one buying, that's what I heard."

l.      On or about May 27, 2014, during a telephone call between DISCALA and CANE, CANE stated, in part, "Well it's um, it's gonna start happening . . . I don't know if the press has even come out yet.  There's gonna be a release today . . . on the . . . acquisition . . . we're having a conference call in about 30 minutes with the first PR that's gonna go out – the PR group."

m.      On or about May 29, 2014, during a telephone call between DISCALA and Goodrich, DISCALA stated, in part, "No, just buy 100 and stay under 43.  I'll have the other guys move up."

n.      On or about June 6, 2014, during a telephone call between DISCALA and Co-Conspirator 3, Co-Conspirator 3 stated, in part, "We don't need to go up every [expletive] day, but the bottom line is, you know, we're [expletive] supporting the stock[.]"

I have already explained to you the crime of securities fraud.  To find that a defendant is guilty of Count One, you must find that the defendant conspired to commit securities fraud as to one or more of the Manipulated Public Companies.

For Count One, the government need not prove that the defendant in question actually committed securities fraud, which is the unlawful act charged as the object of the

conspiracy in Count One.  You must find beyond a reasonable doubt, however, that the

defendant in question conspired with one or more individuals to commit securities fraud.

A.      <u>Conspiracy</u>

I will now instruct you on conspiracy.  The relevant statute for this charge is 18

U.S.C. § 371, which provides, in relevant part:

> If two or more persons conspire either to commit any offense against the
> United States, . . . and one or more of such persons do any act to effect the
> object of the conspiracy, each shall be [punished].

A conspiracy is a kind of criminal partnership, at the heart of which is an

agreement or understanding by two or more persons to violate other laws.  A conspiracy to

commit a crime is an entirely separate and different offense from the underlying crime that the

conspirators intended to commit.  Thus, if a conspiracy exists, it is still punishable as a crime,

even if it should fail to achieve its purpose.  A defendant may be found guilty of conspiracy even

if he was incapable of committing the substantive crime.  Consequently, for a defendant to be

guilty of conspiracy, there is no need for the government to prove that he or she or any other

conspirator actually succeeded in their criminal goals or even that they could have succeeded.

To prove the crime of conspiracy to commit securities fraud, the government must

prove four elements beyond a reasonable doubt:

<u>First</u>, that two or more persons entered into an agreement to commit the crime of

securities fraud, which I have previously described to you;

<u>Second</u>, that the defendant knowingly and intentionally became a member of the

conspiracy; and

<u>Third</u>, that one of the members of the conspiracy committed at least one of the

overt acts charged in the Indictment; and

<u>Fourth</u>, that at least one overt act was in furtherance of some object or purpose of the conspiracy as charged in the Indictment.

<u>First Element: Existence of the Agreement</u>

The first element that the government must prove beyond a reasonable doubt for Count One is that two or more persons entered into the charged agreement to commit securities fraud. One person cannot commit a conspiracy alone. Rather, the proof must convince you that at least two persons joined together in a common criminal scheme. The government need not prove that members of the conspiracy met together or entered into any express or formal agreement. You need not find that the alleged conspirators stated, in words or writing, what the scheme was, its object or purpose, or the means by which the scheme was to be accomplished. It is sufficient to show that the conspirators tacitly came to a mutual understanding to accomplish an unlawful act by means of a joint plan or common design.

You may, of course, find that the existence of an agreement between two or more persons to violate the law has been established by direct proof. But since, by its very nature, a conspiracy is characterized by secrecy, direct proof may not be available. Therefore, you may infer the existence of a conspiracy from the circumstances of this case and the conduct of the parties involved. In a very real sense, then, in the context of conspiracy cases, actions often speak louder than words. In determining whether an agreement existed here, you may consider the actions and statements of all those you find to be participants in the conspiracy as proof that a common design existed to act together for the accomplishment of the unlawful purpose stated in the Indictment.

<u>Second Element: Membership in the Conspiracy</u>

The second element the government must prove beyond a reasonable doubt for Count One is that the defendant knowingly and intentionally became a member in the charged conspiracy. I have explained to you what it means to act knowingly and intentionally. A person acts knowingly and intentionally if he acts voluntarily, deliberately, and purposefully, and not because of ignorance, mistake, accident, negligence or carelessness. In other words, did the defendant participate in the conspiracy with knowledge of its unlawful purpose and with the specific intention of furthering its business or objective? Knowledge and intent may be inferred from a secretive or irregular manner in which activities are carried out. Whether a defendant acted knowingly may be proven by the defendant's conduct and by all of the facts and circumstances surrounding the case.

In order for a defendant to be deemed a member of a conspiracy, he or she need not have had a stake in the venture or its outcome. While proof of a financial or other interest in the outcome of a scheme is not essential, if you find that a defendant did have such an interest, it is a factor you may properly consider in determining whether or not the defendant was a member of the conspiracy charged in the Indictment.

A defendant's participation in the conspiracy must be established by independent evidence of his own acts or statements, as well as those of the other alleged co-conspirators, and the reasonable inferences that may be drawn from them.

A defendant's knowledge may be inferred from the facts proved. In that connection, I instruct you that, to become a member of the conspiracy, a defendant need not have been apprised of all of the activities of all members of the conspiracy. Moreover, a defendant need not have been fully informed as to all of the details, or the scope, of the conspiracy in order

19

to justify an inference of knowledge on his part.  In addition, a defendant need not have joined in all of the conspiracy's unlawful objectives.

In considering whether a defendant participated in a conspiracy, be advised that a conspirator's liability is not measured by the extent or duration of his or her participation as he or she need not have been a member of the conspiracy for the entire time of its existence.  In addition, each member of the conspiracy may perform separate and distinct acts and may perform them at different times.  Some conspirators play major roles, while others play minor parts in the scheme. An equal role is not what the law requires. Even a single act may be sufficient to draw a defendant within the ambit of the conspiracy.  The key inquiry is simply whether a defendant joined the conspiracy charged with an awareness of at least some of the basic aims and purposes of the unlawful agreement and with the intent to help it succeed.

I caution you that mere knowledge or acquiescence, without participation, in the unlawful plan is not sufficient.  Moreover, the fact that the acts of a defendant, without knowledge, merely happen to further the purposes or objectives of the conspiracy, does not make the defendant a member.  More is required under the law.  What is required is that a defendant must have participated with knowledge of at least some of the purposes or objectives of the conspiracy and with the intention of aiding in the accomplishment of those unlawful ends.  In sum, a defendant, with an understanding of the unlawful character of the conspiracy, must have intentionally engaged, advised, or assisted in it for the purpose of furthering the illegal undertaking.

Third Element: Overt Acts

The government must prove that one of the members of the conspiracy knowingly committed <u>at least one</u> of the overt acts charged in the Indictment, as I read them before.

20

In order for the government to satisfy this element, it is not required that all of the overt acts alleged in the Indictment be proven or that the overt act was committed at precisely the time alleged in the Indictment.  It is sufficient if you are convinced beyond a reasonable doubt that the overt act occurred at or about the time and place stated.  Similarly, you need not find that the defendant himself committed the overt act.  It is sufficient for the government to show that one of the conspirators knowingly committed an overt act in furtherance of the conspiracy, since, in the eyes of the law, such an act becomes the act of all of the members of the conspiracy.

Fourth Element: In Furtherance of Some Objective of the Conspiracy

If you find that an overt act or acts were committed, the government must prove beyond a reasonable doubt that the overt act or acts were done specifically to further some objective of the conspiracy.

In order for the government to satisfy this element, it must prove, beyond a reasonable doubt, that at least one overt act was knowingly and willfully done, by at least one conspirator, in furtherance of some object or purpose of the conspiracy as charged in the Indictment.  In this regard, you should bear in mind that the overt act, standing alone, may be an innocent, lawful act.  Frequently, however, an apparently innocent act sheds its harmless character if it is a step in carrying out, promoting, aiding or assisting the conspiratorial scheme. Therefore, you are instructed that the overt act does not have to be an act which, in and of itself, is criminal or constitutes an objective of the conspiracy.

In sum, in order to prove a defendant guilty of Count One, the government must prove, beyond a reasonable doubt: (1) that the defendant entered into an agreement with one or more individuals to commit securities fraud; (2) that the defendant knowingly and intentionally joined the conspiracy; (3) that at least one of the overt acts alleged in the Indictment was

committed by at least one member of the conspiracy; and (4) that the overt act was committed specifically to further some objective of the conspiracy.

       If you find that the government has not proven any one of these elements, then you must find the defendant not guilty of Count One.

B.    <u>Venue</u>

       I have explained to you the elements the government must prove beyond a reasonable doubt as to Count One.  The government also must prove venue.  As I explained to you earlier, the government must prove venue only by a preponderance of the evidence.  I remind you that to establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not.

       I have already explained venue for the securities fraud counts charged in Counts Three and Four.  To establish venue for conspiracy to commit securities fraud as charged in Count One, the government must prove that it is more likely than not that an overt act in furtherance of the conspiracy was committed in the Eastern District of New York.  The overt act does not have to be an overt act that is charged in the Indictment in furtherance of the conspiracy.  In this regard, the government need not prove that the crime charged was committed in the Eastern District of New York or that the defendant or any alleged co-conspirator was even physically present here.  It is sufficient to satisfy the venue requirement if an overt act in furtherance of the conspiracy occurred within the Eastern District of New York.  This includes not just acts by the defendants or their co-conspirators, but also acts that the conspirators caused others to take that materially furthered the ends of the conspiracy.

       Therefore, if you find that it is more likely than not that an overt act in furtherance of the conspiracy took place in the Eastern District of New York, the government has satisfied its

burden of proof as to venue as to Count One. Again, I caution you that the preponderance of the evidence standard applies only to venue. The government must prove each of the elements of all the counts beyond a reasonable doubt.

*   *   *

In sum, if you find that the government has failed to prove any one of the elements for Count One as to either defendant, beyond a reasonable doubt, then you must find that defendant not guilty of securities fraud conspiracy for Count One. To find the defendant guilty of conspiring to commit securities fraud as charged in Count One, you must find that the government has proven, beyond a reasonable doubt, each element of the conspiracy to commit securities fraud, and that the government has also established venue for the count by a preponderance of the evidence.

Authority

Adapted from the charges of the Hon. Eric N. Vitaliano in United States v. Gary Kershner, et al., E.D.N.Y., 13-CR-452 (S-2); Hon. Brian M. Cogan in United States v. Louis F. Petrossi, E.D.N.Y., 16-CR-234 (S-2); Hon. Kiyo A. Masumoto in United States v. Shkreli, 15-CR-637; Hon. Dora L. Irizarry in United States v. Lange, E.D.N.Y., 10 CR 968; Sand, Instr. 57. See also Santa Fe Indus., Inc. v. Green, 430 U.S. 462, 476, 97 S. Ct. 1292, 1302, 51 L. Ed. 2d 480 (1977) (manipulative under the securities laws "refers generally to practices, such as wash sales, matched orders, or rigged prices, that are intended to mislead investors by artificially affecting market activity"); United States v. Royer, 549 F.3d 886, 899-900 (2d Cir. 2008) (upholding instructions defining fraudulent device to include orchestrated trading in securities).

23

REQUEST NO. 5
COUNTS FIVE through TEN: Wire Fraud

Counts Five through Ten of the Indictment charge defendant ABRAXAS J.

DISCALA with wire fraud.  Counts Five through Ten state in pertinent part:

> In or about and between October 2012 and July 2014, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant ABRAXAS J. DISCALA, also known as "AJ Discala," together with others, did knowingly and intentionally devise a scheme and artifice to defraud investors and potential investors in the Manipulated Public Companies, and to obtain money and property from them by means of materially false and fraudulent pretenses, representations and promises.

> On or about the dates set forth below, for the purpose of executing such scheme and artifice, the defendants ABRAXAS J. DISCALA, also known as "AJ Discala," together with others, did transmit and cause to be transmitted, by means of wire communication in interstate and foreign commerce, writings, signs, signals, pictures and sounds, as set forth below:

| Count | Defendant | Date | Description |
|---|---|---|---|
| FIVE | DISCALA | 05/09/2014 | Telephone call from DISCALA to Goodrich discussing, inter alia, the manipulation of Cubed's stock. |
| SIX | DISCALA | 05/09/2014 | Telephone call from DISCALA to Broker 1, an individual whose identity is known to the Grand Jury, discussing, inter alia, the manipulation of Cubed's stock. |
| SEVEN | DISCALA | 05/09/2014 | Telephone call from DISCALA to Co-Conspirator 2 discussing, inter alia, the manipulation of Cubed's and StarStream's stocks. |
| EIGHT | DISCALA | 06/12/2014 | Telephone call from DISCALA to Trader 1, an individual whose identity is known to the Grand Jury, discussing, inter alia, the manipulation of StarStream's stock. |

24

| Count | Defendant | Date | Description |
|-------|-----------|------|-------------|
| NINE | DISCALA | 06/12/2014 | Telephone call from DISCALA to Josephberg discussing, inter alia, the manipulation of StarStream's stock. |
| TEN | DISCALA | 06/12/2014 | Telephone call from DISCALA to Co-Conspirator 3 discussing, inter alia, the manipulation of CodeSmart's, Cubed's and StarStream's stock. |

A.    The Statute

The relevant statute regarding wire fraud is Section 1343 of Title 18 of the United States Code, which provides that:

> Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce, any writings, signs, signals, pictures or sounds for the purpose of executing such scheme or artifice, shall be [guilty of a crime].

B.    Elements

To sustain its burden of proving defendant ABRAXAS J. DISCALA guilty of wire fraud, the government must prove, beyond a reasonable doubt, each of the three elements of the crime of wire fraud.  They are:

First, that there was a scheme or artifice to defraud or to obtain money or property by false and fraudulent pretenses, representations or promises, as alleged in the Indictment;

Second, that the defendant knowingly and willfully participated in the scheme or artifice to defraud, with knowledge of its fraudulent nature and with specific intent to defraud; and

Third, that in the execution of that scheme, the defendant used or caused the use of interstate wires.

<u>First Element – Existence of a Scheme or Artifice to Defraud</u>

The first element of wire fraud is that there was a scheme or artifice to defraud investors or potential investors in the Manipulated Public Companies, CodeSmart, Cubed, StarStream and the Staffing Group, and to obtain money or property from the investors or potential investors by means of false or fraudulent pretenses, representations or promises.

A "scheme or artifice" is simply a plan for the accomplishment of an objective. "Fraud" is a general term which embraces all the various means that an individual can devise and that are used by an individual to gain an advantage over another by false representations, suggestions, suppression or omission of the truth, or deliberate disregard for the truth.

A "scheme or artifice to defraud" for the purposes of the statute is any plan, device, or course of action designed to obtain money or property by means of false representations. Thus, a "scheme to defraud" is a plan to deprive another of money or property by trick, deceit, deception or swindle, or overreaching. A statement, representation, claim, or document is false if it is untrue when made and was known at the time to be untrue by the person making it or causing it to be made. A representation or statement is fraudulent if it was falsely made with the intention to deceive.

Deceitful statements of half-truths or the concealment or omission of material facts, and the expression of an opinion not honestly entertained may constitute false or fraudulent representations under the statute. The fraudulent representation must relate to a material fact or matter. A material fact in the context of wire fraud is one that reasonably would be expected to be of concern to a reasonable and prudent person in relying upon the representation or statement in making a decision.

26

The deception need not be premised upon spoken or written words alone.  The arrangement of words, or the circumstances in which they are used may convey a false and deceptive appearance.  If there is intentional deception, the manner in which it is accomplished does not matter.

In addition to proving that a statement was false or fraudulent and related to a material fact, in order to establish a scheme to defraud, the government must prove that the alleged scheme contemplated depriving another of money or property.

It is not necessary that the government prove that the defendant actually realized any gain from the scheme or that the intended victim actually suffered any loss.

<u>Second Element – Participation in Scheme with Intent</u>

The second element of wire fraud is that the defendant participated in the scheme to defraud knowingly, willfully and with the specific intent to defraud.

I already instructed you as to the meaning of "knowingly" and "willfully."  I refer you to those instructions as they apply here also.  For the purposes of the wire fraud statute, an "intent to defraud" means to act knowingly and with specific intent to deceive for the purpose of causing some financial or property loss to another.

I will remind you, however, that the question of whether a person acted knowingly, willfully and with intent to defraud is a question of fact for you to determine, like any other fact question.  This question involves the defendant's state of mind.  As I said before, direct proof of knowledge and fraudulent intent is not necessary.  The ultimate facts of knowledge and criminal intent, though subjective, may be established by circumstantial evidence, based upon a person's outward manifestations, his or her words, his or her conduct, his or her acts and all the surrounding circumstances disclosed by the evidence and the rational or

27

logical inferences that may be drawn from them. Circumstantial evidence, if believed, is of no less value than direct evidence.

Under the wire fraud statute, even false representations or statements, or omissions of material facts, do not amount to a fraud unless done with fraudulent intent. However misleading or deceptive a plan may be, it is not fraudulent if it was devised or carried out in good faith. An honest belief in the truth of the representations made by a defendant is a complete defense, however inaccurate the statements may turn out to be. A defendant, however, has no burden to establish a defense of good faith.

There is another consideration to bear in mind in deciding whether or not the defendant acted in good faith. You are instructed that if the defendant conspired to commit wire fraud, then a belief by the defendant, if such a belief existed, that ultimately everything would work out so that no one would lose any money does not require you to find that the defendant acted in good faith. No amount of honest belief on the part of the defendant that the scheme would, for example, ultimately make a profit for investors, will excuse fraudulent actions or false representations caused by him to obtain money or property. I reiterate, however, that an "intent to defraud" for the purposes of the wire fraud statute means to act knowingly and with specific intent to deceive for the purpose of causing financial loss or property loss to another. As a practical matter, then, you may find intent to defraud if the defendant knew that his conduct as a participant in the scheme was calculated to deceive and, nonetheless, he associated himself with the alleged fraudulent scheme for the purpose of causing loss to another.

Third Element – Use of the Wires

The third and final element of wire fraud is the use of an interstate or international wire communication in furtherance of the scheme to defraud. The wire communication must

pass between two or more states, or it must pass between the United States and a foreign country. A wire communication includes a wire transfer of funds between banks in different states, telephone calls, emails and facsimiles between two different states.

The item sent through the wires need not itself contain a fraudulent representation.  However, it must further or assist in the carrying out of the scheme to defraud.  It is not necessary for the defendant to be directly or personally involved in the wire communication, as long as the communication was reasonably foreseeable in the execution of the alleged scheme to defraud in which the defendant is accused of participating.

With respect to the use of the wires, the government must establish beyond a reasonable doubt that the particular wire transmissions charged in Counts Five through Ten actually occurred in order to find the defendant guilty on those count.  However, the government does not have to prove that the wires were used on the exact dates charged in the Indictment.  It is sufficient if the evidence establishes beyond a reasonable doubt that the wires were used on or about the dates charged in the Indictment.

B.      Venue

I have explained to you the elements the government must prove beyond a reasonable doubt as to Counts Five through Ten.  The government also must prove venue for each count.  As I explained to you earlier, the government must prove venue only by a preponderance of the evidence.  I remind you that to establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not.

*    *    *

In sum, if you find that the government has failed to prove any one of the elements for Count Five through Ten beyond a reasonable doubt, then you must find defendant

ABRAXAS J. DISCALA not guilty of wire fraud for that count.  To find defendant ABRAXAS

J. DISCALA guilty of wire fraud as charged in Counts Five through Ten, you must find that the

government has proven, beyond a reasonable doubt, each element of the wire fraud for a

particular count, and that the government has also established venue for the count by a

preponderance of the evidence.

Authority

Adapted from the charges of the Hon. Kiyo A. Masumoto in
United States v. Shkreli, 15-CR-637; Hon. Dora L. Irizarry in
United States v. Lange, E.D.N.Y., 10 CR 968

REQUEST NO. 6
COUNT TWO: Conspiracy to Commit Mail Fraud and Wire Fraud

Count Two of the Indictment charges the defendants ABRAXAS J. DISCALA

and KYLEEN CANE with conspiracy to commit mail fraud and wire fraud.  That is, mail fraud

and wire fraud are the crimes alleged to be the objects or purposes of the conspiracy.

Specifically, Count Two states, in pertinent part:

> In or about and between October 2012 and July 2014, both dates
> being approximate and inclusive, within the Eastern District of
> New York and elsewhere, the defendants ABRAXAS J. DISCALA
> and KYLEEN CANE, together with others, did knowingly and
> intentionally conspire to: a. devise a scheme and artifice to defraud
> investors and potential investors in the Manipulated Public
> Companies and to obtain money and property from them by means
> of materially false and fraudulent pretenses, representations and
> promises, and for the purpose of executing such scheme and
> artifice, to cause to be delivered matter and things by FedEx Corp.
> ("FedEx") and other private and commercial interstate carriers
> according to the direction thereon, contrary to Title 18, United
> States Code, Section 1341; and b. devise a scheme and artifice to
> defraud investors and potential investors in the Manipulated Public
> Companies and to obtain money and property from them by means
> of materially false and fraudulent pretenses, representations and
> promises, and for the purpose of executing such scheme and
> artifice, to transmit and cause to be transmitted by means of wire
> communication in interstate and foreign commerce writings, signs,
> signals, pictures and sounds, contrary to Title 18, United States
> Code, Section 1343;

> The relevant statute on this subject is 18 U.S.C. § 1349, which provides, in pertinent

part:

> Any person who attempts or conspires to commit [mail fraud or
> wire] fraud shall [have committed an offense].

A.      Conspiracy to Commit Offenses

I have already explained what it means to conspire to commit an offense.  As a

reminder, the government need not prove that the defendants actually committed the unlawful

acts charged as the objects of the conspiracy in Count Two, that is, mail fraud or wire fraud.

31

Rather, the government must prove each one of the following two elements beyond a reasonable doubt:

First, that two or more persons entered into an agreement to commit mail fraud or wire fraud; and

Second, that the defendant knowingly and intentionally became a member of the conspiracy.

There were two additional overt act-related elements on which I instructed you with respect to Count One, which charges conspiracy to commit securities fraud.  These two additional overt act-related elements do not apply to Count Two, here, which charges conspiracy to commit mail fraud and wire fraud.

B.      Mail Fraud & Wire Fraud: Definition and Elements

Wire Fraud

I have already explained the definition and elements of wire fraud to you.  To recap, the three elements of wire fraud are:

First, that there was a scheme or artifice to defraud or to obtain money or property by false and fraudulent pretenses, representations or promises, as alleged in the Indictment;

Second, that the defendant knowingly and willfully participated in the scheme or artifice to defraud, with knowledge of its fraudulent nature and with specific intent to defraud; and

Third, that in the execution of that scheme, the defendant used or caused the use of interstate wires.

Mail Fraud

The federal mail fraud statute, Title 18, United States Code, Section 1341, which
is the federal mail fraud statute provides, in pertinent part, that:

> Whoever, having devised or intending to devise any scheme or
> artifice to defraud, or for obtaining money or property by means of
> false or fraudulent pretenses, representations, or promises . . . for
> the purpose of executing such scheme or artifice or attempting so
> to do, places in any post office or authorized depository for mail
> matter, any matter or thing whatever to be sent or delivered by the
> Postal Service, or deposits or causes to be deposited any matter or
> thing whatever to be sent or delivered by any private or
> commercial interstate carrier . . . or knowingly causes to be
> delivered by mail or such carrier according to the direction thereon
> . . . any such matter or thing, shall be [guilty of a crime].

The first two elements of mail fraud are the same as those of wire fraud, explained
above.  The third element is different, however.  Instead of interstate wires, the mail fraud statute
requires that the government prove beyond a reasonable doubt that, in the execution or in
furtherance of the underlying scheme, the defendant used or caused the use of the mails.  The use
of the mails as I have used it here includes material sent through either the United States Postal
Service or a private or commercial interstate carrier, such as FedEx or UPS.  The mailed matter
need not contain a fraudulent representation or purpose or request for money.  It must, however,
further or assist in the carrying out of the scheme to defraud.  It is not necessary for the defendant
to be directly or personally involved in the mailing, as long as the mailing was reasonably
foreseeable in the execution of the alleged scheme to defraud in which the defendants are
accused of participating.

In this regard, it is sufficient to establish this element of the crime if the evidence
justifies a finding that the defendant caused the mailing by others.  This does not mean that the
defendant must specifically have authorized others to do the mailing.  When one does an act with
knowledge that the use of the mails will follow in the ordinary course of business or where such

33

use of the mails can reasonably be foreseen, even though not actually intended, then he causes the mails to be used.

C.     Venue

I have previously instructed you on venue for a conspiracy count.  Those instructions apply here.

*     *     *

In sum, if you find that the government has failed to prove any one of the elements for Count Two beyond a reasonable doubt for a particular defendant, then you must find that defendant not guilty of conspiracy to commit wire fraud and mail fraud for Count Two. To find a defendant guilty of conspiracy to commit wire fraud and mail fraud as charged in Count Two, you must find that the government has proven, beyond a reasonable doubt, each element of the conspiracy to commit wire fraud and mail fraud, and that the government has also established venue by a preponderance of the evidence.

Authority

Adapted from the charges of the Hon. Brian M. Cogan in United States v. Louis F. Petrossi, E.D.N.Y., 16-CR-234 (S-2); Hon. Dora L. Irizarry in United States v. Lange, E.D.N.Y., 10 CR 968; Hon. I. Leo Glasser in United States v. Liounis, E.D.N.Y., 12 CR 350; Hon. Joseph G. Bianco in United States v. Abdallah, E.D.N.Y., 09 CR 717 (S-1); Sand, Instr. 44-6.

34

REQUEST NO. 7
Aiding and Abetting

Counts Three, Four, and Five through Ten of the Indictment – all the counts except the conspiracy counts – also charge the defendants with violating 18 U.S.C. § 2, the federal "aiding and abetting" statute.  That is, in those counts, the defendants are charged not only as principals who committed the crime, but also as aiders and abettors and as persons who willfully caused the crime.  As a result, under 18 U.S.C. § 2, there are two additional ways that the government may establish the defendants' guilt on these counts.  One way is called "aiding and abetting," and the other is called "willfully causing a crime."  Let me explain each of these.

"Aiding and abetting" is set forth in Section 2(a) of the statute.  That section reads, in part, as follows:

> Whoever commits an offense against the United States or aids or abets or counsels, commands or induces, or procures its commission, is punishable as a principal.

Under the aiding and abetting statute, it is not necessary for the government to show that a defendant himself or herself physically committed the crime with which he is charged in order for you to find the defendant guilty.  Thus, even if you do not find beyond a reasonable doubt that the defendants themselves committed the crime charged, you may, under certain circumstances, still find the defendants guilty of that crime as an aider or abettor.

A person who aids or abets another to commit an offense is just as guilty of that offense as if he committed it himself.  Accordingly, you may find a defendant guilty of the substantive crime if you find beyond a reasonable doubt that the government has proved that another person actually committed the crime, and that a defendant aided and abetted that person in the commission of the offense.

35

As you can see, the first requirement is that another person has committed the crime charged.  Obviously, no one can be convicted of aiding and abetting the criminal acts of another if no crime was committed by the other person in the first place.  But if you do find that a crime was committed, then you must consider whether the defendants aided or abetted the commission of the crime.

To aid or abet another to commit a crime, it is necessary that a defendant willfully and knowingly associate himself or herself in some way with the crime, and that he willfully and knowingly seek by some act to help make the crime succeed.

Participation in a crime is willful if action is taken voluntarily and intentionally, or, in the case of a failure to act, with the specific intent to fail to do something the law requires to be done; that is to say, with a bad purpose either to disobey or to disregard the law.

The mere presence of a defendant where a crime is being committed, even coupled with knowledge by a defendant that a crime is being committed, or the mere acquiescence by a defendant in the criminal conduct of others, even with guilty knowledge, is not sufficient to establish aiding and abetting.  An aider and abettor must have some interest in the criminal venture.

To determine whether the defendants aided or abetted the commission of the crime with which they are charged, ask yourself these questions:

Did he or she participate in the crime charged as something he or she wished to bring about?

Did he or she associate himself or herself with the criminal venture knowingly and willfully?

Did he or she seek by his or her actions to make the criminal venture succeed?

36

If a defendant did, then that defendant is an aider and abettor, and therefore guilty of the offense.  If the defendant did not, then that defendant is not an aider and abettor, and is not guilty as an aider and abettor.

Authority

Adapted from Sand, Instr's. 11-1 and 11-2, and from the charge approved in United States v. Stanchich, 550 F.2d 1294 (2d Cir. 1977). See United States v. Labat, 905 F.2d 18, 23 (2d Cir. 1990) (discussing requirements of aiding and abetting liability); United States v. Clemente, 640 F.2d 1069 (2d Cir.) (1981) (same), cert. denied, 454 U.S. 820 (1981).

REQUEST NO. 8
Testimony of Cooperating Witnesses

You have heard from witnesses who testified that they were actually involved in planning and carrying out the crimes charged in the Indictment.  Indeed, it is the law in federal courts that the testimony of an accomplice may be enough in itself for conviction, if the jury finds that the testimony is credible and establishes guilt beyond a reasonable doubt.

However, it is also the case that accomplice testimony is of such nature that it must be scrutinized with great care and viewed with particular caution when you decide how much of that testimony to believe.  I have given you some general considerations on credibility and I will not repeat them all here.  Nor will I repeat all of the arguments made on both sides.  However, let me say a few things that you may want to consider during your deliberations on the subject of accomplices.

You should ask yourselves whether either of these so-called accomplices would benefit more by lying, or by telling the truth.  Was the testimony of either made up in any way because he believed or hoped that he or she would somehow receive favorable treatment by testifying falsely?  Or did either believe that his or her interests would be best served by testifying truthfully?  If you believe that either of the witnesses was motivated by hopes of personal gain, was the motivation one which would cause him to lie, or was it one which would cause him to tell the truth?  Did this motivation color his or her testimony?  In sum, you should look at all of the evidence in deciding what credence and what weight, if any, you will want to give to either of the cooperating accomplice witnesses.

Finally, the cooperating witnesses have pled guilty to charges arising out of the same facts as this case.  You are instructed that you are to draw no conclusions or inferences of any kind about the guilt of the defendant on trial from the fact that a prosecution witness pled

38

guilty to similar charges.  That witness's decision to plead guilty was a personal decision about

his or her own guilt.  The fact that they pleaded guilty may not be used by you in any way as

evidence against or unfavorable to a defendant on trial here.

<u>Authority</u>

Adapted from the charges of the Hon. Eric N. Vitaliano in <u>United States v. Gary Kershner, et al.</u>, E.D.N.Y., 13-CR-452 (S-2); Hon. Eric N. Vitaliano in <u>United States v. James Bayfield</u>, E.D.N.Y., 14-CR-356 (S-2); Hon. Brian M. Cogan in <u>United States v. Louis F. Petrossi</u>, E.D.N.Y., 16-CR-234 (S-2);  the Hon. Brian M. Cogan, <u>United States v. Nadeem</u>, E.D.N.Y., 13 CR 424 (BMC).

REQUEST NO. 9
Wiretaps and Transcripts

The government has offered evidence in the form of recordings of telephone calls and transmitted text messages involving the defendants.  Some of those were obtained without the knowledge of the parties to these communications, but with the consent and authorization of a federal court in New York.  These so called wiretaps were lawfully obtained.  The use of this procedure to gather evidence is perfectly lawful and the government has the right to use such "wiretaps" in this case.

With respect to these recordings, the government was permitted to provide transcripts containing its interpretation of what was said on English language recordings that were received into evidence.  The transcripts were provided to you as aids or guides to assist you in listening to the recordings.  However, they are not, in and of themselves, evidence.  They were not admitted into evidence.  The recordings are the primary and best source of evidence.

When the recordings were played, I advised you to listen very carefully to the recordings themselves.  For recordings in English, you should make your own interpretation of what appears on the recording based on what you heard.  If you think you heard something differently than the way it appeared on the transcript, what you heard is controlling.  You, the jury, are the sole judges of the facts.

Authority

Adapted from the charge of the Hon. Eric N. Vitaliano in United States v. Gary Kershner, et al., E.D.N.Y., 13-CR-452 (S-2); Sand, Instructions 5-9, 5-10, 5-11.

REQUEST NO. 10
Similar Acts Evidence
(If Applicable)

During this trial, you have heard evidence that, on other occasions, the defendants engaged in conduct that was similar in nature to the conduct charged in the Indictment. Evidence of prior similar acts was admitted as background evidence to show the development of relationships of trust between the defendants and the government's witnesses and to provide background evidence of the charged crimes.  In addition, if you determine that the defendants committed the acts charged in the Indictment and the similar acts as well, then you may, but need not, draw an inference that, in doing the acts charged in the Indictment, the defendants acted knowingly and intentionally and not because of some mistake, accident, carelessness, or other innocent reasons.

However, the defendants are on trial only for committing the acts alleged in the Indictment.  You may not consider evidence of any similar acts as a substitute for proof that the defendants committed the crimes charged in this case.  Nor may you consider this evidence as proof that the defendants have a criminal propensity or bad character.  The evidence of other similar acts was admitted for limited purposes and you may consider it only for those limited purposes.

Authority

Adapted from the charge of the Hon. Dora L. Irizarry in United States v. Lange, E.D.N.Y., 10 CR 968; Sand, Instr. 3-4.

REQUEST NO. 11
Character Evidence
(If Applicable)

The defendants called as a witness [Name], who gave his/her opinion of the defendant's good character.  This testimony is not to be taken by you as the witness's opinion as to whether the defendant is guilty or not guilty.  That question is for you alone to determine. You should, however, consider this character evidence together with all the other facts and all the other evidence in the case in determining whether that defendant is guilty or not guilty of the charges.

Accordingly, if after considering all the evidence, including testimony about a defendant's good character, you find a reasonable doubt has been created, you must acquit him or her of all the charges.

On the other hand if, after considering all the evidence, including that of a defendant's character, you are satisfied beyond a reasonable doubt that the defendant is guilty, you must not acquit him or her merely because you believe him or her to be a person of good character.

Authority

Adapted from the charge of the Hon. Dora L. Irizarry in United States v. Lange, E.D.N.Y., 10 CR 968.

42

REQUEST NO. 12
Uncharged Persons

You may not draw any inference, favorable or unfavorable, toward the government or the defendants on trial from the fact that certain persons were not named as defendants in this Indictment.  You should draw no inference from the fact that any other person is not present at this trial.  Your concern is solely the defendants on trial before you.

That other individuals are not on trial before you is not a matter of concern to you. You should not speculate as to the reasons these individuals are not on trial before you.  The fact that these individuals are not on trial before you should not control or influence your verdict with reference to the defendants who are on trial.

Authority

Adapted from Sand, Instr. 3-4.

43

REQUEST NO. 13
Testimony of Defendant (if applicable)

The defendant in a criminal case never has any duty to testify or come forward with any evidence.  This is because, as I have told you, the burden of proof beyond a reasonable doubt remains on the government at all times, and the defendant is presumed innocent.  In this case, __ did testify and he [or she] was subject to cross examination like any other witness.  You should examine and evaluate the testimony just as you would the testimony of any witness with an interest in the outcome of the case.

Authority

United States v. Brutus, Cr. No. 06-2710, 2007 WL 2828690, n.7
(2d Cir. Oct. 2, 2007), adapting charging language from United
States v. Gaines, 457 F.3d 238, 249 n.9 (2d Cir. 2006).

44

REQUEST NO. 14
Defendant's Right Not to Testify (if applicable)

The defendant did not testify in this case.  Under our Constitution, a defendant has
no obligation to testify or to present any evidence, because it is the government's burden to
prove the defendant guilty beyond a reasonable doubt.  That burden remains with the
government throughout the entire trial and never shifts to the defendant.  A defendant is never
required to prove that he is innocent.

You may not attach any significance to the fact that the defendant did not testify.
No adverse inference against him or her may be drawn by you because he did not take the
witness stand.  You may not consider this against the defendant in any way in your deliberations
in the jury room.

Authority

Adapted from Sand, Instr. No. 5-21.

REQUEST NO. 15
Uncalled Witnesses Equally Available
(If applicable, based on arguments of counsel)

There are several persons whose names you have heard during the course of the trial but who did not appear here to testify.  I instruct you that each party had an equal opportunity or lack of opportunity to call any of these witnesses.  Therefore, you should not draw any inferences or reach any conclusions as to what they would have testified to had they been called.  Their absence should not affect your judgment in any way.

However, you also should remember my instruction that the law does not impose on a defendant in a criminal case the burden or duty of calling any witness or producing any evidence.  The burden of proof to prove the charges beyond a reasonable doubt remains with the government at all times.

Authority

Adapted from the charge of the Hon. Dora L. Irizarry in United States v. Lange, E.D.N.Y., 10 CR 968.

46

REQUEST NO. 16
All Available Evidence Need Not Be Produced

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matter in issue at this trial. Nor does the law require any party to produce as exhibits all papers and things mentioned during the course of the trial.

Authority

Adapted from E. Devitt & C. Blackmar, Federal Jury Practice and Instructions, § 72.11 (3d ed. 1977).

REQUEST NO. 17
Interviewed Witnesses
(If Applicable)

During the course of the trial you heard testimony that the attorneys for the government [and defense] interviewed witnesses when preparing for and during the trial.  You must not draw any unfavorable inference from that fact.  On the contrary, attorneys have an obligation to prepare their case as thoroughly as possible and in the discharge of that responsibility properly interview witnesses in preparation for the trial and from time to time as may be required during the course of the trial.

Authority

Adapted from the charge of Hon. I. Leo Glasser, United States v. Young Taek Lee, No. 93 CR 1072 (ILG) (E.D.N.Y.)

48

REQUEST NO. 18
Prior Inconsistent Statements
(If Applicable)

You have heard evidence that witnesses made statements on earlier occasions that counsel argues are inconsistent with the witnesses' trial testimony. Evidence of a prior inconsistent statement is not to be considered by you as affirmative evidence bearing on a defendant's guilt or innocence. Evidence of the prior inconsistent statement was placed before you for the more limited purpose of helping you decide whether to believe the trial testimony of the witness or witnesses who may have contradicted themselves. If you find that the witness made an earlier inconsistent statement that conflicts with his or her trial testimony, you may consider that fact in deciding how much of his or her trial testimony, if any, to believe.

In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with a small detail; whether the witness had an explanation for the inconsistency; and whether the explanation appealed to your common sense. It is exclusively your duty, based upon all the evidence and your own good judgment, to determine whether the prior statement was inconsistent, and if so how much, if any, weight is to be given to the inconsistent statement in determining whether to believe all or part of the witness' testimony.

Authority

Adapted from the charge of the Hon. Carol B. Amon, United States v. Wapnik, No. 92 CR 419 (CBA) (E.D.N.Y.)

49

REQUEST NO. 19
Summary Evidence


Some exhibits were admitted into evidence in the form of charts and summaries.

Those charts and summaries were admitted in order to save the time of reviewing voluminous

records and to avoid inconvenience.  It is the jury's responsibility to determine whether the

charts and summaries accurately reflect the evidence presented.  You should consider these

charts and summaries the same way you would any other evidence.

Authority

Adapted from the charge of the Hon. Brian M. Cogan in United
States v. Nadeem, E.D.N.Y., 13 CR 424; United States v. Pinto,
850 F.2d 927, 935 (2d Cir. 1988).

<u>CONCLUSION</u>

The government respectfully requests that the Court include the foregoing in its

instructions to the jury.  The government also requests the opportunity to submit further

instructions or amend those submitted, as may become appropriate during the course of the trial.

Dated:      Brooklyn, New York
            March 23, 2018

                                        Respectfully submitted,


                                        RICHARD P. DONOGHUE
                                        United States Attorney
                                        Eastern District of New York


                        By:        _____/s/_____
                                        Shannon C. Jones
                                        Patrick T. Hein
                                        Mark E. Bini
                                        Assistant United States Attorneys
                                        (718) 254-8761(Bini)