WK:SCJ/PTH/MEB
F. #2013R01203

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

– – – – – – – – – – – – – – – – – X

UNITED STATES OF AMERICA

    - against -                              14-CR-399 (S-1) (ENV)

ABRAXAS J. DISCALA and
KYLEEN CANE,

         Defendants.

– – – – – – – – – – – – – – – – –X

THE GOVERNMENT'S PROPOSED VOIR DIRE REQUESTS; AND LIST OF PERSONS, ENTITIES AND LOCATIONS

RICHARD P. DONOGHUE
UNITED STATES ATTORNEY
Eastern District of New York
271 Cadman Plaza East
Brooklyn, New York 11201

Shannon C. Jones
Patrick T. Hein
Mark E. Bini
Assistant U.S. Attorneys
    (Of Counsel)

PRELIMINARY STATEMENT

The following is the government's proposed voir dire and list of persons, entities and locations.

STATEMENT OF THE CASE

The defendants in this case have been charged in an Indictment. An Indictment is not evidence and is only a statement of charges. The defendants have pled not guilty to the charges and must be presumed innocent. The Indictment in this case alleges that the defendants, and others, engaged in a conspiracy to defraud investors and potential investors in CodeSmart Holdings, Inc. ("CodeSmart"), Cubed, Inc. ("Cubed"), Starstream Entertainment Inc. ("Starstream") and The Staffing Group Ltd. ("Staffing Group"), by manipulating the stock of those companies.

PROPOSED VOIR DIRE REQUESTS

In accordance with Rule 24(a) of the Federal Rules of Criminal Procedure, the government respectfully requests that the Court, in addition to the Court's usual voir dire, ask the following questions in jury selection for this case:

1. As an initial matter, have you heard or read anything about this case? If yes, have your formed an opinion about the case?

2. Have you or a family member or close friend ever worked in: (a) an investment business relating to the stock market; or (b) law enforcement?

3. You will hear testimony during the trial from members of law enforcement and regulators, including witnesses from the Federal Bureau of Investigation, the Financial Institution Regulatory Authority, and the Securities and Exchange Commission. Because a witness may be a government employee or member of law enforcement does not mean

2

that his or her testimony is entitled to any greater weight by reason of his or her employment.  By the same token, his or her testimony is not entitled to less consideration simply because he or she is a government employee.  You should consider the testimony of members of law enforcement just as you would consider any other evidence in the case and evaluate their testimony just as you would that of any other witness.  Would you have any difficulty following this rule?

4. Have you ever had any negative experiences and/or disputes with anyone involved in law enforcement or regulatory agencies?

5. You will hear testimony during this trial from witnesses who have pled guilty to one or more crimes and have entered into an agreement with the government to testify.  Under the terms of such an agreement the government has agreed to bring the witness's cooperation to the attention of the sentencing judge by writing a letter.  Based on that letter, the judge might impose a sentence on the cooperating witness which is less than he would otherwise have received.  The government is permitted to enter into these kinds of agreements.  The jury may take the terms of such agreements into account, together with the other factors which bear on the issue of credibility, in evaluating the witness's testimony.  Is there anything about the fact that witnesses will testify pursuant to such agreements that would prevent you from being a fair and impartial juror in this case?

6. The evidence in this case may include intercepted text messages and audio recordings of intercepted phone calls, captured secretly by the government without the knowledge of the participants in the conversations and meetings.  Before such evidence is received at trial, the Court will have ruled that the evidence was lawfully obtained and may be presented at trial.  Do you have any feelings about the use of intercepted text messages and

phone calls that were secretly but lawfully obtained, that might affect your ability to consider such evidence fairly?

   7.  Have you and/or a close relative ever been the victim of stock fraud?

   8.  Have you ever had any negative experiences and/or disputes with anyone involved in a penny stock company?

   9.  Have you or a family member or a close friend ever been the victim of a crime?  If yes, please explain.  Was there anything about this experience that might affect your ability to be fair and impartial?

   10.  Which magazines and websites do you read regularly?

## LIST OF NAMES AND PLACES

   1.  Is anyone familiar with any of the following individuals or entities?  If so, how?

The government respectfully requests that the Court refer to, and incorporate herein, the parties' joint list of Counsel, Potential Witnesses, Individuals and Entities, to be filed separately.

The government respectfully requests that the Court include the foregoing during jury selection. The government also requests permission to supplement or amend this request.

Dated: Brooklyn, New York
       March 27, 2018

                                     Respectfully submitted,

                                     RICHARD P. DONOGHUE
                                   Acting United States Attorney

By:   /s/ Mark E. Bini
      Shannon C. Jones
      Patrick T. Hein
      Mark E. Bini
      Assistant U.S. Attorneys
      (718) 254-7000

cc:    Clerk of Court (ENV) (by ECF)
       All counsel of record (by ECF)