UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x
UNITED STATES OF AMERICA,                             :
                                                      :
        -against-                          :
                                                      :       <u>SHORT FORM</u>
ABRAXAS J. DISCALA,                                   :       <u>MEMORANDUM & ORDER</u>
      Also known as "AJ DiScala,"                    :
MARC WEXLER, IRA SHAPIRO,                             :       14-cr-399 (ENV)
MATTHEW BELL,                                         :
CRAIG JOSEPHBERG,                                     :
      Also known as "Jobo,"                          :
KYLEEN CANE, DARREN GOODRICH,                         :
DARREN OFSINK, VICTOR AZRAK, and                      :
MICHAEL MORRIS,                                       :
                                                      :
                                    Defendants.   :
-------------------------------------------------------------- x

VITALIANO, D.J.

      The government has filed a motion to quash a subpoena requested by defendant Kyleen Cane directed at a cooperating witness. Dkt. No. 550. Having considered the submissions of the parties, Dkt. Nos. 560 & 561, the motion is resolved in the manner and for the reasons as set forth below.

      1.  <u>Government's Motion to Quash:</u>

| Motion | Ruling |
|---|---|
| Government's motion to quash a subpoena seeking tax returns for government cooperating witness Jamie Sloan, from 2007 through 2013. | Cane opposes the motion, arguing that the subpoena is a trial subpoena and that the standards for pre-trial and trial subpoenas differ.<br><br>    The cases that Cane cites are inapposite on the point of controversy. For example, the Court in *United States v. Friedman*, 854 F.2d 535 (2d Cir. 1988), did not |

1

explicitly determine that quashing a trial subpoena was "error," but said that "even if the … notes [that were the target of the subpoena] were not privileged and the quashing of the subpoena was error, the error was harmless beyond a reasonable doubt." *Id.* at 571. *United States v. Giampa*, 1992 WL 296440 (S.D.N.Y. 1992), in fact modified the subpoena "so as to make them returnable at the time when [the witness] testifies at trial." 1992 WL 296440, at *4.[1] Finally, in *United States v. Orena*, 883 F. Supp. 849, 869 (E.D.N.Y. 1995), the Court denied the motion to quash a *pre-trial* subpoena on the basis that the tax returns might "illuminate the factors which led Sessa to become a prosecution witness and the benefits he obtained by doing so." 883 F. Supp. at 869. However, the moving defendant had agreed to modify the subpoena to become returnable only, if and when, the relevant witness testified. *Id.*

Accordingly, the government's motion to quash Cane's trial subpoena is granted but only to the extent that the subpoena is modified to compel the production of the tax

---

[1] The subpoenas in *United States v. Stofsky*, 527 F.2d 237 (2d Cir. 1975), made *one* tax return returnable on the first day of trial and the others during the government's case.

|   |   |
|---|---|
|   | returns on the day that Jamie Sloan is scheduled to testify. The records will be made available for the purposes of impeachment, but, unless some door is opened on direct examination, are not likely admissible in their own right. |

So Ordered.

Dated: Brooklyn, New York
　　　　March 31, 2018

　　　　　　　　　　　　　　　　　　　　/s/ Hon. Eric N. Vitaliano
　　　　　　　　　　　　　　　　　　　　ERIC N. VITALIANO
　　　　　　　　　　　　　　　　　　　　United States District Judge